[No. 4077. Decided July 14, 1902.]

GOODYEAR RUBBER COMPANY, *Appellant,* v. CHARLES
SCHREIBER *et al., Respondents.*

APPEAL — AMOUNT IN CONTROVERSY.

Where the value of the property sought to be recovered is in excess of $200, such fact determines the amount in controversy

for the purpose of appellate jurisdiction, even as to an intervening claimant who establishes title to a portion of the property of less value than that sum.

SALES — RESCISSION FOR FRAUD — REPLEVIN OF GOODS — SUFFICIENCY OF EVIDENCE.

A directed verdict in favor of defendant was erroneous, where the evidence in an action of replevin showed that, for the purpose of procuring credit from plaintiff, defendant had made false statements as to his financial condition; that he was at the time selling his stock of goods at a sacrifice; that he never opened the boxes in which the goods were shipped to him, but shortly after their receipt pledged and delivered possession of a portion of them to a third party to secure advances made to him; and that during this period he was gambling heavily.

SAME.

The fact that defendant, who occasionally did a jobbing trade, sold $4,000 worth of goods to another merchant for $3,000 cash, and that the goods were turned over to the purchaser in the evening, would not establish knowledge on the purchaser's part of defendant's intent to defraud the plaintiff, from whom the goods were shortly before purchased on credit, when there was nothing to indicate to the purchaser that there was any change in defendant's affairs or put him upon inquiry as to defendant's intent to defraud plaintiff, and the invoice price of the goods sold by defendant was but little more than one-third of the invoice price of the total amount obtained by him from plaintiff, and the condition and character of the remainder of the goods was not shown.

SAME — EVIDENCE.

In an action of replevin to recover goods sold to defendant upon a rescission of the sale because of fraud, where a written statement forwarded by defendant to plaintiff purporting to show his financial condition, on which he had given a list of his creditors with the amounts due them respectively, against some of which he had written the word "paid," had been introduced in evidence, it was error to refuse to permit defendant's clerk to testify as to whether certain of the accounts marked paid had in fact been paid, and whether there were other creditors whose names were not on the list; and it was also error to exclude testimony by the person having charge of plaintiff's credit business, with power to make and control the sales of its goods, upon

the point whether or not the sale was made in reliance upon the truth of the matters contained in such statement.

SAME — TRUSTEE IN BANKRUPTCY — RIGHT TO BANKRUPT'S GOODS.

A trustee in bankruptcy does not stand in the relation of a purchaser for value without notice, and is therefore not entitled to retain possession of goods obtained by the bankrupt through fraud, where the sale has been rescinded by the seller on that ground.

Appeal from Superior Court, Spokane County.—Hon. LEANDER H. PRATHER, Judge. Reversed in part.

*Crow & Williams,* for appellant.

*Samuel R. Stern,* for respondent Strobach.

*Danson & Huneke,* for respondents Kemp & Hebert.

The opinion of the court was delivered by

FULLERTON, J.—This was an action of replevin brought by the appellant against the respondent, Schreiber, to recover the possession of certain merchandise theretofore sold by the appellant to Schreiber, who was then engaged in the shoe business at Spokane, in this state. In its complaint the plaintiff alleged that, prior to the time the goods were sold to Schreiber, Schreiber represented to the appellant that he was in good financial standing, was perfectly solvent, able to meet his bills as they matured, and had assets greatly in excess of his liabilities, when in truth and in fact he was not in good financial standing, was not able to meet his bills as they matured or at all, that his assets were much less, and his indebtedness much greater, than he stated them to be, and that he was at the time the representations were made and at the time of sale wholly insolvent; that such representations were made fraudulently and willfully, and for the purpose of deceiving the appellant, and but for which representations the sale would not have been made; that the appel-

lant, upon first learning the facts, elected to rescind the sale and to recover the possession of the goods. There was a second cause of action for goods sold by C. R. Winslow & Co. to Schreiber, containing the same allegations as to fraud as the first, with the further allegation that the claim for the goods had been assigned to the appellant. At the time of the commencement of the action a writ of replevin was sued out, under which the sheriff seized the goods described in the complaint; taking a part of them from the possession of Schreiber, and a part (the major portion) from the possession of the respondents, Kemp & Hebert. Shortly after the commencement of the action other creditors of Schreiber filed in the proper court a petition in bankruptcy, upon which Schreiber was adjudged a bankrupt, and the respondent Strobach was appointed trustee in bankruptcy of his estate. Kemp & Hebert and Strobach were afterwards, with leave of court, made parties defendant, and permitted to answer the complaint. Kemp & Hebert answered, denying the allegations of fraud, and pleading affirmatively, in substance, that the goods taken from their possession under the writ, together with other goods, had theretofore been pledged by Schreiber to one Stout to secure an actual loan of $2,500 made by Stout to Schreiber; that after the loan became due, and for the purpose of paying the same, Stout and Schreiber, on the one part, and Kemp & Hebert, on the other, entered into an agreement by the terms of which Kemp & Hebert purchased the goods, taking the same from the possession of Stout, and paying therefor nearly three thousand dollars, twenty-five hundred of which went to Stout, and the balance to Schreiber. They further allege that at such time they had no knowledge that the goods had not been paid for, or that the appellant, or C. R. Winslow & Co., made claim to the goods, or that

any fraud had been committed by Schreiber in obtaining possession of the same, and that the price paid was the reasonable value of the goods. The answer of Strobach, upon which the cause went to trial, consisted of a general denial of the allegations of the complaint. At the trial, on the conclusion of the appellant's case, the respondents severally interposed the statutory challenge to the legal sufficiency of the evidence, whereupon the court withdrew the case from the consideration of the jury, and directed judgment to be entered for the respondents. Of the goods seized under the writ of replevin, those taken from Kemp & Hebert were returned to them on a redelivery bond given at the time of their appearance in the action. Those taken from the store of Schreiber were delivered to the appellant, who had possession of them at the time of the entry of the judgment. The judgment in favor of Schreiber and Kemp & Hebert was to the effect that the appellant take nothing by its action and for costs. The judgment in favor of Strobach was that the appellant redeliver the goods to him, or, in case redelivery could not be had, that he have judgment for their value, which value, the judgment recites, the parties had agreed to be $184.22.

Based upon the contention that the value of the property in controversy between the appellant and himself is less than two hundred dollars, the respondent Strobach moves to dismiss the appeal on the ground that this court is without jurisdiction. But the total value of the property which the appellant sought to recover from Schreiber, as shown by the complaint and evidence, greatly exceeded the minimum fixed by the constitution. This value determines the jurisdiction of the court, not the value of the separate portions of the property the trial court may have adjudged to intervening claimants. The motion is denied.

The principal contention of the appellant is that the court erred in holding that the evidence introduced on its behalf was insufficient to justify a verdict in its favor. As against the respondents Schreiber and Strobach, we think the contention is well taken. There was evidence tending to show that Schreiber made false statements as to his financial condition for the purpose of procuring credit of the appellant; that he was at that time and at the time he received the goods selling his stock at a sacrifice,—losing, as he himself states, by that means, some $8,500 between the date of the order and the time he was adjudged a bankrupt; that he "gambled heavily" during the same period; that he never opened the boxes in which the goods were shipped to him, but shortly after their receipt pledged a portion of them, with other goods, to Stout, to secure an advancement made to him by Stout, delivering the goods into Stout's possession. Other circumstances were also shown hardly consistent with honest conduct, sufficient, when taken altogether, to well warrant the jury in finding that the goods were purchased under fraudulent representations, with a preconceived intent on the part of Schreiber not to pay for them, but with the intent to cheat and defraud the appellant. Under this state of facts, the appellant could rescind the sale and recover from Schreiber, or any one holding under him, not a purchaser for value and without notice, the goods so fraudulently obtained. Strobach does not stand in the relation of a purchaser for value without notice. He stands in a representative capacity, and could have no higher right to the goods than Schreiber had. More than this, the sale had been rescinded and the goods seized prior to the time he acquired any right to the property of Schreiber at all. He could not, therefore, retain the property, if it had been obtained by Schreiber through fraud prac-

ticed upon the appellant; and whether there was such fraud practiced should have been submitted to the jury.

As to Kemp & Hebert the case stands differently. The evidence shows that they obtained the goods held by them in the manner stated in their answer. It was also shown that Schreiber occasionally did some jobbing trade, that his store was a going concern at the time these respondents acquired the goods, and that there was nothing in the general appearances that should have put them upon inquiry, or that indicated that there had been any change in his affairs. Indeed, a traveling representative of the appellant, who resided in Spokane, and who testified that it was a part of his duty to observe and report upon the conduct of the customers of his house, said that he was frequently in Spokane and in the store of Schreiber during the months just preceding the time this action was commenced, and that he neither saw nor heard anything that would indicate that Schreiber was not doing a legitimate and fairly prosperous business. But it does appear that the goods purchased by Kemp & Hebert, and for which they paid something less than $3,000, cost, according to the invoices, about $4,000, that the sale was consummated and the goods turned over in the evening, commencing about six o'clock; and that there was some controversy at the time the levy of the writ was made between Kemp & Hebert and the persons representing the appellant, concerning the goods,—all of which, the appellant argues, constitute badges of fraud sufficient to require the submission of the question to the jury. But a careful examination of this branch of the evidence fails to convince us that there was anything in these circumstances tending to show a want of good faith on the part of the purchasers. While it does appear that the goods which came from the appellant's house were new, and that

this price would indicate a rather heavy discount for that class of goods, yet the invoice price of these goods was but little more than one-third of the invoice price of the total amount purchased, and the condition and character of the remainder was not shown. The price was made as a whole, and, in the absence of a showing of the character of the whole, it will not be presumed that the price paid was not a reasonable and fair price for the goods as a whole. There was nothing in the time of the sale that makes its character suspicious. On the contrary, it appears that the parties selected the most convenient time. Aside from this, the transaction was had in the presence of clerks of both parties and the legal representative of Stout,—certainly not the usual method where secrecy is intended or desired. While there is much in the record as to what occurred when the officer came to the store of Kemp & Hebert with the replevin writ, we gather from it all that the controversy was over the right of the officer to seize the goods. It does appear that the member of the firm of Kemp & Hebert who was present on that occasion protested stoutly against the seizure, but we fail to find in this any indication that either he or the other member of his firm had notice or knowledge at the time they purchased the goods that Schreiber had fraudulently obtained them from the appellant.

The appellant complains, and we think justly, that the court too narrowly restricted the testimony on the question of the fraud of Schreiber. It was shown that Schreiber, for the purpose of procuring credit of the appellant, had made and forwarded them a written statement purporting to show his financial condition, on which he had given a list of his creditors, with the amounts due them, respectively, against some of which he had written the word "paid." The court refused to permit the clerk of

Schreiber to answer whether or not certain of these accounts marked as paid had in fact been paid, and whether or not there were a number of other creditors whose names were not on the list. The court also refused to permit the agent of the appellant who had charge of its credit business, and power to make and control the sales of its goods, to answer whether or not this sale was made in reliance upon the truth of the matters contained in the statement, and whether it would have been made but for the representations made in the statement. These questions were proper, and answers to them should have been permitted. Other matters assigned as error will not recur on the retrial of the cause, and no mention of them need be made here.

The judgment, in so far as it affects the respondents Kemp & Hebert, is affirmed. As to the other respondents it is reversed, and a new trial ordered.

Reavis, C. J., and Hadley, White, Anders, Mount and Dunbar, JJ., concur.